The Honorable Bill Strait, Prosecuting Attorney, Fifteenth Judicial District 108 North 2nd Street, P.O. Box 460 Dardanelle, Arkansas 72834
Dear Mr. Strait:
This is in response to your request for an opinion on the following questions regarding constables:
 1. Is the Municipal Court for Logan County, which has county wide jurisdiction, obligated to account for all citations, arrests, and fine monies initiated by arrests made by locally elected constables?
 2. Is the prosecuting attorney for the county and/or city attorney obligated to prosecute citations and arrests made by the locally elected constables?
 3. If a duly elected constable for Logan County, Arkansas, is the first to arrive at either a misdemeanor or felony crime scene, does the sheriff for Logan County have the authority to demand the removal of his person?
 4. If a constable calls for the assistance of the sheriff's office for Logan County, Arkansas, is the sheriff's office obligated to respond and to assist?
In response to your first question, I assume that you are asking whether municipal courts are required to account for all monies they receive from constables. If I have stated your question correctly, it is my opinion that the answer is "yes." Pursuant to A.C.A. § 16-17-215 (1987), constables of cities of the second class are required to pay to the municipal court all monies they collect; that provision reads as follows:
 The sheriff and constables who may collect any fines, penalties, forfeitures, fees, and costs arising out of any cause in the municipal court shall make the same return as required in § 16-17-214 of the chief of police and shall pay to the municipal court clerk all fines, penalties, forfeitures, fees, and costs collected by them, except for such part as is due to them for service rendered in such causes.
Additionally, pursuant to A.C.A. § 16-17-707(a) (Cum. Supp. 1991), municipal court clerks are required to keep three separate accounts of "all fines, penalties, forfeitures, fees, and costs received by him for any of the officers of the city, township. . . ." Pursuant to the same provision, the monies received by municipal court clerks from constables are to be deposited in the first class of accounts, as described in A.C.A. § 16-17-707(a)(1). And, under A.C.A. § 16-17-707(c), municipal court clerks, after deducting the fees and costs due the sheriff and constables, are required to pay into the city treasury all sums remaining in the first class of accounts. In sum, it is my opinion that the answer to your first question is that municipal courts are required to account for all monies received from constables; this opinion is based on the foregoing statutes.
In response to your second question, it is my opinion that the answer is "no." Prosecuting attorneys have discretion on whether or not to prosecute and what charge or charges to file if they do choose to prosecute. The United States Supreme Court, inBordenkircher v. Hayes, 434 U.S. 357, 364, (1978), has expressed the following on prosecutorial discretion:
 In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, `the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as `the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' Oyler v. Boles, 368 U.S. 448, 456, 7 L.Ed. 2d 446, 82 S.Ct. 501 (1962).
In light of the discretion of prosecutors, it is my opinion that prosecuting attorneys are not obligated to prosecute all citations and arrests made by constables.
In response to your third question, it is my opinion that a sheriff probably lacks the authority to demand that a constable remove himself from the site of a crime scene, at least where the crime scene is in the constable's jurisdiction. It appears that both officials have a right, pursuant to their respective duties which are very similar in nature, to be at the scene of a crime. The duties of sheriffs are outlined in A.C.A. § 14-14-1301(a)(5) (1987), which states in pertinent part the following:
 (A) The sheriff, who shall be ex officio collector of taxes, unless otherwise provided by law, shall perform such duties as are prescribed by law. It shall be the general duty of each sheriff to quell and suppress all assaults and batteries, affrays, insurrections, and unlawful assemblies.
(B) The sheriff shall:
 (i) Apprehend and commit to jail all felons and other offenders;
 (ii) Execute all process directed to him by legal authority;
 (iii) Attend upon all courts held in his county until otherwise provided by law; and
 (iv) Perform all other acts and things that are required by law;
In addition, A.C.A. § 14-15-501(a) (1987) states the following regarding the duties of sheriffs:
 Each sheriff shall be a conservator of the peace in his county and shall cause all offenders against the laws of this state, in his view or hearing, to enter into recognizance to keep the peace and appear at the next term of the circuit court of the county and, on the failure of the offender to enter into recognizance, to commit him to jail.
Pursuant to statutory law, constables have duties which are quite similar to those of sheriffs. The duties of constables are set forth in A.C.A. § 16-19-301(a) (b) (1987) and are as follows:
 Each constable shall be a conservator of the peace in his township and shall suppress all riots, affrays, fights, and unlawful assemblies, and shall keep the peace and cause offenders to be arrested and dealt with according to law.
Thus, both sheriffs and constables are peace officers and each has the power to arrest certain offenders. There are, additionally, various other statutes regarding duties of constables, most of which set forth duties that are concurrent with those of sheriffs and justices of the peace.[1] In addition, in responding to the question of whether one person could serve simultaneously as sheriff and constable, this office previously has opined that the duties of these two positions are not incompatible. See Op. Att'y Gen. 90-051. Sheriffs have jurisdiction as peace officers within their respective counties, while constables act as peace officers within their respective townships. See A.C.A. §§ 16-19-301(a) 14-15-501(a) (1987).
In summary, it is my opinion that since both sheriffs and constables are peace officers and possess various other concurrent duties, a sheriff probably does not have the authority to demand the removal of a constable from the site of a crime scene. A sheriff probably would, however, have the authority to order a constable removed if the crime scene were outside a constable's jurisdiction or outside the realm of a constable's duties; as stated previously, a constable has jurisdiction in a township, while a sheriff has jurisdiction over a county. In ExParte Simpson, 281 Ark. 458, 664 S.W.2d 872 (1984), the Arkansas Supreme Court held that since sheriffs and city police have overlapping investigative authority, neither could lawfully exclude the other from an investigation. While city police have broader statutory duties than do constables, this case might be looked to by analogy for the matter at issue in your third question.
In response to your fourth question, there is no statute which addresses this issue. It is my opinion, however, that there is probably encompassed within the duties of a sheriff the implied duty to respond to the reasonable requests for assistance of a fellow peace officer if the request pertains to matters within the sheriff's jurisdiction and general duties. Although sheriffs may be accorded a certain amount of discretion in handling such calls, a response is in all likelihood within their general duties, and would best promote the sheriff's responsibility as conservator of the peace.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] While we cannot, within the context of this opinion, outline a treatise on each of these other statutory duties, for examples of some of these duties, reference should be made to A.C.A. §§ 5-66-102, 108, 116; 5-72-110; 11-4-305; 12-11-103;12-42-106; 15-41-204; 15-43-324; 16-17-224; 16-19-103, 403, 405, 503, 504, 506, 1001, 1003, 1005, 1008, 1009, 1010; 16-55-114, 117; 16-58-107, 109, 112, 113, 117; 16-80-103; 16-81-104;16-82-202; 16-83-103, 106 (1987); 16-84-102 (Cum. Supp. 1991);16-85-603, 605; 16-93-706; 16-109-111; 16-110-304, 408;16-112-123 (1987); 17-43-105 (Repl. 1992); 18-43-109, 112;18-48-102, 303 (1987); 20-47-102 (Repl. 1991); 21-6-505;23-12-608, 708 (1987); 26-39-503 (Repl. 1992); 26-76-106, 204;27-50-609; and 27-102-110 (1987).